UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,      )<br>      Plaintiff,     )<br>            )<br>-v-          )<br>            )<br>MARLAN MICHAH MCRAE,  )<br>      Defendant. )<br>            ) | No. 1:08-cr-274-14<br><br>Honorable Paul L. Maloney |

## MEMORANDUM OPINION AND ORDER

Defendant Marlan McRae requests the Court modify his sentence under 18 U.S.C. § 3582(c)(2) (ECF No. 1160). Defendant relies on Amendment 821 to the Sentencing Guidelines, which the Sentencing Commission has made retroactive. The Court will deny the motion.

Once a district court imposes a sentence, the court may not modify that sentence except in limited circumstances. *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021). One such exception, § 3582(c), permits a district court to modify a sentence when the Sentencing Commission makes guidelines modifications that lower the sentencing guidelines range for that defendant. 18 U.S.C. § 3582(c)(2). The district court "may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

For motions brought under § 3582(c), district courts conduct a two-step review. *See United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*,

560 U.S. 817, 826-27 (2010)). In motions that rely on Amendment 821, the court must first determine if the Sentencing Commission's changes actually lowered the defendant's guidelines range and whether the reduction is consistent with applicable policy statements. Second, the court must consider the § 3553(a) factors to decide whether to exercise its discretion to reduce the defendant's sentence. Defendant's motion fails at the first step.

Amendment 821 contains two retroactive provisions. Part A of Amendment 821 decreases "status points" by one point for defendants with seven or more criminal history points and eliminates "status points" for defendants with six or fewer criminal history points. "Status points" are those points that were applied under then United States Sentencing Guideline (U.S.S.G.) § 4A1.1(d) if the defendant committed his or her federal offense while on probation, parole, supervised release, imprisonment, work release, or escape status. Part B of Amendment 821 provides for a decrease of two offense levels for "zero-point offenders" (no criminal history points), whose offense did not involve specific aggravating factors.

In his motion, Defendant invokes Part B of Amendment 821 and claims he is entitled to a reduced sentence. A review of the presentence report (ECF No. 947) reveals Defendant's criminal history score was zero, so he is a zero-point offender. However, Defendant must also demonstrate the absence of the specific aggravating factors listed at U.S.S.G. § 4C1.1(a).

Section 4C1.1(a)(7) prohibits a reduction for zero-point offenders if the defendant possessed, received, purchased, transported, transferred, sold, or otherwise disposed of a firearm or other dangerous weapon (or induced another participant to do so) in connection with the offense. Here, Defendant may not have received a 2-level enhancement for

possession of a firearm under § 2D1.1(b)(1), but there is sufficient evidence, based on the preponderance standard, to determine Defendant possessed firearms in connection with the offense. Defendant's uncle was interviewed by law enforcement and reported that Defendant deals in large quantities of controlled substances and uses firearms to protect his narcotics and narcotics proceeds. (PSR ¶ 52). Additionally, during the execution of a search warrant of a home owned by the Defendant, law enforcement seized controlled substances, three handguns, and cash. (*Id.*, ¶ 70). Defendant did not contest these facts at sentencing. (*Id.*, PageID.9909-10). The Court finds the Defendant has not met his burden of establishing that he meets all of the criteria as listed in § 4C1.1(a). Defendant cannot establish that he did not possess a weapon in connection with the offense. This renders him ineligible for a reduction under Part B of the Amendment. Similarly, Defendant is not eligible under Part A of Amendment 821 because he did not receive "status points." Amendment 821 does not have the effect of reducing Defendant's guideline range, so he is not eligible for a reduction in sentence. Accordingly,

**IT IS HEREBY ORDERED** that the motion for a sentence reduction (ECF No. 1160) is DENIED.

Date:   September 10, 2024                                  /s/ Paul L. Maloney
                                                                                                     Paul L. Maloney
                                                                                                     United States District Judge